UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA LEJARDI,<br><br>  Plaintiff,<br><br>  v.<br><br>HOMEDALE JOINT SCHOOL DISTRICT, a school district; BOARD OF TRUSTEES OF THE HOMEDALE JOINT SCHOOL DISTRICT; DION FLAMING, in both his official and individual capacities; and ROB SAUER, in his official and individual capacity,<br><br>  Defendants. | Case No. 1:14-cv-00539-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3). Dkt. 36. The Motion is fully briefed and at issue, and the Court finds that oral argument would not significantly aid the decisional process. For the reasons explained below, the Court will deny the Motion.

## BACKGROUND

The facts of this case were laid out in detail in the Court's last memorandum decision and order (Dkt. 34) and will not be repeated again here. Necessary to deciding this Motion is the following: Plaintiff Gloria Lejardi was hired in 1989 by Defendant

**MEMORANDUM DECISION AND ORDER - 1**

Homedale Joint School District.[1] After her termination in June of 2014, Lejardi filed suit, alleging four causes of action within her Complaint: (1) a deprivation of her property interest without due process and in violation of 42 U.S.C. § 1983; (2) wrongful termination in violation of the Idaho Protection of Public Employees Act; (3) failure to allow her to grieve her discharge in violation of Idaho Code § 33-517; and (4) breach of the covenant of good faith and fair dealing. *Compl.*, Dkt. 1, p. 2.

On October 21, 2015, the District moved for summary judgment as to Lejardi's Section 1983 claim. Dkt. 9. Thereafter, Lejardi moved for partial summary judgment as to her Section 33-517 claim, and the District then moved for summary judgment on that claim as well. Dkts. 13, 19. After oral argument on January 26, 2016, the Court entered a Memorandum Decision and Order on March 14, 2016. Dkt. 34. Therein, the Court found that the District was entitled to summary judgment as to Lejardi's Section 1983 claim, and that Lejardi was entitled to summary judgment as to her Section 33-517 claim. *Id*. The Court also decided to exercise supplemental jurisdiction over the remaining state law claims. *Id*.

On March 28, 2016, the District filed this motion, arguing that the Court lacked original jurisdiction over Lejardi's Section 1983 claim, and therefore lacks jurisdiction to

---

[1] All Defendants will be referred to collectively as "the District."

retain any of the remaining state law claims. Dkt. 36. Lejardi responded on April 7, 2016, and the District filed its reply on April 18, 2016. Dkts. 38, 39. Trial in this matter is currently set for September 26, 2016.

## ANALYSIS

If a court determines it lacks subject matter jurisdiction, it must dismiss the action. FED.R.CIV.P. 12(h)(3). Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction is constitutional if the pendent state law claims are part of the same case or controversy as the federal claim. *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.,* 333 F.3d 923, 925 (9th Cir.2003). In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563–64 (1st Cir.1997); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 190 (1st Cir.1996). Such is the case here, since all claims flow from the termination of Lejardi's employment.

A district court may nevertheless decline jurisdiction under 28 U.S.C. § 1367(a) "if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *see also United Mine Workers v. Gibbs*, 383

U.S. 715, 726 (1966) (stating that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (recognizing that a federal court should also consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether supplemental jurisdiction would be proper).

In its previous order, the Court concluded that "[m]aintaining supplemental jurisdiction over Lejardi's state law claims is appropriate, efficient, and judicially economical. The District has not provided any compelling reason as to why the Court should decline to exercise supplemental jurisdiction. Accordingly, this portion of the District's motion for summary judgment shall be denied." Dkt. 34, p. 15.

Now, the thrust of the District's argument is that this Court lacked original jurisdiction over Lejardi's sole federal claim—her due process claim under Section 1983—and that therefore, the Court lacks the discretion to retain the rest of Lejardi's state-based claims. Dkt. 36-1, p. 2. The District argues that the Court is without original jurisdiction over Lejardi's Section 1983 claim because, in dismissing Lejardi's Section 1983 claim on the grounds that she lacked a constitutionally protected property interest, the Court "effectively divested itself of original jurisdiction." *Id.*, p. 8. The Court is not persuaded by these arguments as explained below.

1. **Deciding Lejardi's Section 1983 claim on the merits did not divest this Court of original jurisdiction.**

In support of its argument that this Court has no authority to exercise supplemental jurisdiction, the District relies on the case of *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). But the *Herman* case is inapposite. Indeed, the District even cites to the very language that immediately disposes of its argument:

> This case, however, is not about the district court's discretionary exercise of supplemental jurisdiction under § 1367(c). Rather, it concerns the authority of the court to exercise its supplemental jurisdiction under § 1367(a). A dismissal on the merits is different from a dismissal on jurisdictional grounds. *If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims*; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.
>
> Dismissal on jurisdictional grounds means that the court was without original jurisdiction and has no authority to do anything other than to determine its jurisdiction.

*Herman*, 254 F.3d at 806 (emphasis added).

Here, the Court dismissed the Section 1983 claim on the merits, not on a jurisdictional ground; accordingly, it may exercise its discretion under Section 1367(c) to adjudicate the remaining claims. In the Court's previous order, it ultimately concluded—after embarking on a thorough review of the parties' briefing and an extensive review of relevant case law—that Lejardi did not have a constitutionally protected property interest. This was not a dismissal on jurisdictional grounds; this was—plainly—a decision on the merits of the case.

2.  **Lejardi's Section 1983 claim was substantial.**

A related question is whether Lejardi's Section 1983 claim was a "substantial" constitutional claim. Under the substantiality doctrine, a district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider. *Hagans v. Lavine*, 415 U.S. 528, 536–39, 66 S.Ct. at 1378–80 (1974). The claim must be "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974).

The District argues that the Section 1983 claim was insubstantial because clearly established law foreclosed it. Specifically, the District asserts that Lejardi's Section 1983 claim "never had any chance of surviving dismissal for the well-accepted reason that an at-will employee will never have a constitutionally protected property interest." Dkt. 39, p. 6.

Contrary to the District's assertion, Lejardi's Section 1983 claim was substantial. The District seems to forget that Lejardi disputed her at-will status, and that the primary issue at the summary judgment level was whether Lejardi could overcome the at-will presumption, and relatedly, whether "the circumstances surrounding the employment relationship could cause a reasonable person to conclude that the parties intended a limitation on discharge." *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 152 Idaho 632,

638, 272 P.3d 1263, 1269 (2012). While the Court ultimately concluded that Lejardi did not rebut the at-will presumption and did not have a constitutionally protected property interest, that conclusion is a far cry from dismissing the claim as "insubstantial, implausible, [or] foreclosed by prior decisions of this Court." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir.1985) (internal citations omitted).

Because the Court dismissed Lejardi's Section 1983 claim on the merits, it was not divested of its original jurisdiction and it properly exercised supplemental jurisdiction over the remaining state-law claims. The District's Motion is denied.

### ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 36) is **DENIED**.



DATED: May 18, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court